# Peoples' Cent. Transit Lines, Inc., v. Myers.

### (Decided Feb. 16, 1937.)

R. W. KEENON and M. W. MOORE for appellant.

SAWYER A. SMITH for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

On July 17, 1935, an automobile driven by Mrs. Myrtle Myers and a bus of the Peoples' Central Transit Lines, Inc., came in collision at the intersection of 16th and Holman streets in the city of Covington. Mrs. Myers' automobile was badly damaged and she sustained injuries. She was taken to a hospital where she received treatment and later in the day was removed to the home of her sister Mrs. Ollie Lunsford in Covington where she remained and was under the care and treatment of a physician until the following October.

On July 19, an adjuster for the insurance company with which the Peoples' Transit Lines carried its liability insurance went to the home of Mrs. Lunsford and made a cash settlement with Mrs. Myers and took from her a receipt, release and assignment signed by herself and young daughter, Mildred Myers, who was in the automobile with her at the time of the accident, which recited in substance that the sum paid was in full settlement and discharge of any claims for damage, loss, or injuries which had been sustained by Mrs. Myers and her minor daughter in consequence of the collision of the automobile and bus.

Thereafter Mrs. Myers instituted this equitable action against Peoples' Central Transit Lines setting

up the foregoing facts, detailing at length the injuries sustained by her, and alleging that because of such injuries and the mental agonies and pain she had endured as a result thereof she had been damaged in the sum of $10,000 and had been compelled to expend and contract for doctor's bills, medicine, etc., in the sum of $500, and that her automobile had been damaged in the sum of $125. She further alleged that she had been procured by the adjuster to accept the settlement and to execute the receipt and release through fraud and misrepresentation of the adjuster who represented and held out to her that her automobile was not materially damaged and that her doctor had advised him that she was only slightly injured; that at the time she was in such mental and physical condition that she did not understand the nature and character of the pretended settlement; that the representations were false and fraudulent as was known to the adjuster and she was thereby caused to accept the sum paid and to execute the writing releasing defendant from all liability. She further alleged that she tendered back the sum paid her by defendant which it had refused to accept and that she further tendered in the court the sum paid with interest from date of payment. She prayed that the pretended settlement and writing evidencing same be set aside and held for naught.

By answer defendant in a first paragraph controverted the allegations of the petition and in a second paragraph alleged that its representative called on plaintiff on July 19 and after advising with her concerning the extent of her injuries and the probable liability upon the part of defendant as a result of the accident agreed with her on the terms of the settlement; and plaintiff being advisesd by her physician as to the extent of her injuries and with knowledge and information that there was a controversy as to the extent of the liability of the company accepted the sum paid in full settlement and discharge of all claims against defendant; that by reason of the settlement she was estopped from asserting any further claim. In a second paragraph it alleged that at the time of the accident plaintiff was guilty of negligence in the operation of her automobile and that such negligence upon her part contributed to and brought about the collision and but for the contributory negligence on her

part the accident would not have occurred nor the alleged damages resulted to her.

The issues were completed by a reply controverting the allegations of the petition and after evidence was heard the chancellor granted the relief sought and defendant is appealing.

As grounds for reversal, it is argued that the court erred in refusing to sustain appellant's motion to dismiss the petition at the close of the evidence for appellee and as renewed at the close of all the evidence and that the judgment is contrary to the weight of the evidence. Necessarily, these grounds are so interrelated they may be discussed together.

It is argued in effect that appellee's petition bases her cause of action solely on the alleged fraud and misrepresentation of the adjuster concerning the statement of the physician, and the extent of the damage to the automobile and that there is no allegation that her condition was such at the time of the settlement that she did not understand the nature and character of the settlement; and further that the evidence for appellee does not sustain her alleged cause of action. It is specifically alleged in the petition that when the settlement was made "plaintiff was at the time in such mental and physical condition that she did not understand the nature and character of said pretended settlement."

Mrs. Myers herself did not testify that the adjuster made the alleged representations to her, but did convey the impression that her memory concerning the transaction was vague, however, she did testify that she remembered speaking of the hospital bill that she owed and of receiving the amount paid her by the adjuster, but testified that she did not know the nature and character of the writing she signed. Mrs. Lunsford testified that the adjuster told Mrs. Myers he had made an investigation and found that her automobile had been only slightly damaged and that the doctor said she was not seriously hurt. Mrs. Myers testified that her shoulder was crushed or broken and that she sustained injuries to her head and back and for many days after the accident suffered intense pain. Her attending physician testified that she had a fracture of

the left clavicle, and was greatly bruised about the area of the shoulder extending down the left arm; that he saw her practically daily from July 17 until August 14 and then at intervals until October; that he saw her about 1 o'clock on the afternoon of July 19 and this according to the evidence was near the time that the adjuster made the settlement with her. The doctor testified that when he saw her on the 19th she was very uncomfortable and was still suffering much acute pain and unable to rest. When asked as to whether she was normal or at herself, he replied, "To tell the truth the day I saw her and it was near noon or 1 o'clock, somewhere along there, I have it marked A.M., that means until 1 P. M. when I saw her that day she was goofy, if I may use that expression, she was goofy." He further testified that she was suffering such acute pain that he was forced to keep her under a sedative and on July 19th due to her medication she was not mentally and normally competent.

The adjuster testified in substance that he was at the Lunsford home for an hour or more and discussed in detail the proposed settlement; that he had not at the time seen Mrs. Myers' physician, nor had he seen her automobile; and that he did not make any representations to her concerning statements of the doctor or the condition of the automobile. His evidence indicates that Mrs. Myers discussed and thoroughly understood the transaction and that she and her sister discussed it apart from but in his presence before the transaction was completed.

There is a conflict of evidence on the question of negligence as between Mrs. Myers and the driver of the bus. According to the evidence of Mrs. Myers and her daughter, the accident was due to negligence of the bus driver. On the other hand, the evidence of the bus driver and a number of others who witnessed the accident indicates it was due to the negligence of Mrs. Myers in the operation of her automobile. Notwithstanding the conflict in evidence, it is apparent from the facts above recited and all the proven facts and circumstances that there is proof of relative and substantial character to support the chancellor's finding and in such circumstances or where on the whole a mere doubt remains concerning the truth of the matter,

the chancellor's finding should not be disturbed by the appellate court.

Judgment affirmed.